JOSEPH H. HUNT
Assistant Attorney General

JAMES J. GILLIGAN
Acting Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

CHRISTOPHER R. HEALY (DC Bar No. 219460)
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 514-8095
Fax: (202) 616-8470
E-Mail:  Christopher.Healy@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                    Plaintiff, <br><br>          v. <br><br> STATE OF WASHINGTON; JAY INSLEE, in his official capacity as Governor of the State of Washington; WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES; JOEL SACKS, in his official capacity as Director of the Washington State Department of Labor & Industries, <br><br>                    Defendants. | No. <br><br><br> **COMPLAINT** |

Plaintiff the United States of America alleges as follows:

Complaint- 1

# INTRODUCTION

1. The State of Washington ("State" or "Washington") has enacted a workers' compensation law, entitled "Hanford Site Employees—Occupational Disease Presumption," or Washington Substitute House Bill 1723 ("HB 1723"), attached hereto as Ex. A, that impermissibly singles out and discriminates against the Federal Government and its contractors, purports to directly regulate the Federal Government, and imposes significant burdens on the Federal Government and its contractors without imposing them on other employers in the State, all in violation of the Supremacy Clause of the U.S. Constitution. This action seeks to enjoin implementation of this improper statute and have it declared invalid.

2. The U.S. Department of Energy ("DOE") is responsible for the remediation of the environmental legacy of the United States' production of nuclear weapons, including that of its chief plutonium production facility—the Hanford Nuclear Reservation ("Hanford") in southeast Washington, which played a critical role in the United States' national defense from World War II through the end of the Cold War. Nearly all of Hanford is owned by the Federal Government.

3. Hanford's large-scale production of critical national defense materials for the Federal Government generated a significant amount of radioactive and hazardous chemical wastes, which are now the focus of ongoing cleanup work that is unprecedented in its scale and complexity.

4. DOE's top priority in conducting its cleanup operations at Hanford is ensuring the health and safety of its federal and contractor workforce. Protecting workers includes ensuring that any worker who is injured in the course of his or her employment or who falls ill because of such employment is fully and expeditiously compensated. DOE is firmly committed to, and spends significant resources implementing, its worker

safety and workers' compensation programs at Hanford.  The workers' compensation program for DOE's federal contractor workforce at Hanford operates pursuant to the Washington Industrial Insurance Act ("WIIA").

5.  HB 1723 interferes with these ongoing federal operations by fundamentally changing how the WIIA applies to federally owned and operated portions of Hanford but not to anywhere else in the State.  Specifically, the law creates a legal presumption that past, current, and future "United States [D]epartment of [E]nergy Hanford site workers," as defined under the law, are entitled to workers' compensation benefits if they develop certain diseases or conditions without having to demonstrate, as the WIIA otherwise requires, that their conditions were more likely than not caused by their employment at Hanford.

6.  The resulting heightened liability for workers' compensation, and attendant costs, that HB 1723 imposes on DOE and its contractors are not imposed on other employers elsewhere at Hanford or elsewhere in the State.  This impermissible discrimination against the Federal Government and its contractors and purported direct regulation of the Federal Government violate the Supremacy Clause.

7.  The United States thus brings this action against Washington, the Governor of Washington, the Washington Department of Labor and Industries ("L&I"), and the Director of L&I (collectively, "Defendants") for a judgment declaring that HB 1723 is invalid under the Supremacy Clause, and for an injunction against its enforcement.

Complaint- 3

## JURISDICTION

8.  This is a civil action brought by the United States under the Constitution of the United States, U.S. Const. art. VI, cl. 2, seeking declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2201, and Federal Rules of Civil Procedure 57 and 65.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.

## VENUE

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Hanford is located within this District.

## PARTIES

10. Plaintiff is the United States of America, suing on its own behalf and on behalf of DOE.

11. DOE is a federal executive department charged by Congress with completing the safe cleanup of the environmental legacy brought about from five decades of nuclear weapons development at Hanford.

12. Defendant Washington is a State of the United States.

13. Defendant Jay Inslee is the Governor of Washington.  He is sued in his official capacity.

14. Defendant L&I is the state agency responsible for implementing the WIIA, Revised Code of Washington ("RCW") Title 51.

15. Defendant Joel Sacks is the Director of L&I.  He is sued in his official capacity.

## CONSTITUTIONAL AND STATUTORY BACKGROUND

### The Supremacy Clause of the U.S. Constitution

16. The Supremacy Clause of the U.S. Constitution provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges

Complaint- 4

in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

17. The doctrine of intergovernmental immunity holds that "[u]nder the Supremacy Clause, 'the activities of the Federal Government are free from regulation by any state.'" *Boeing Co. v. Movassaghi*, 768 F.3d 832, 839 (9th Cir. 2014) (quoting *Mayo v. United States*, 319 US 441, 445 (1943)). A state law is invalid if it "regulate[s] the United States directly," or if it "discriminate[s] against the Federal Government or those with whom it deals," that is, if it "treats someone else better than it treats the government." *Boeing*, 768 F.3d at 839, 842.

### The WIIA

18. The WIIA is the State's statutory regime for industrial insurance. It provides that a worker who sustains an injury or contracts an "occupational disease," will be compensated through the payment of certain benefits. An "occupational disease" is defined as "such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title." RCW 51.08.140.

19. To be eligible to receive benefits under the WIIA, a worker generally has the burden of establishing that (1) he or she has a physical condition and (2) there is a "causal connection between" his or her physical condition and employment based on competent medical testimony which shows that the disease is probably, as opposed to possibly, caused by the employment. *Dennis v. Dep't of Labor & Indus. of State of Wash.*, 109 Wash.2d 467, 477 (Wash. 1987). A claim for an "occupational disease" is generally subject to a two-year statute of limitations. RCW 51.28.055.

20. The WIIA requires that all employers covered by the Act provide workers' compensation coverage. Employers may do so by participating in the

Washington State Fund ("State Fund"), which is an insurance pool funded by employer premiums and managed and administered by L&I, or employers may do so by qualifying as a self-insurer.  RCW 51.14.010; 51.14.030.  A self-insured employer provides workers compensation benefits directly to its employees rather than through the State Fund.  *See* RCW 51.08.173.

### Workers' Compensation at Hanford

21. Federal law provides for a limited waiver of the Federal Government's intergovernmental immunity for state workers' compensation laws, such that States may enforce their workers' compensation laws against private employers working on federal land, "in the same way and to the same extent as if the premises were under the exclusive jurisdiction of the State."  40 U.S.C. § 3172.  Non-federal employees at Hanford consequently receive workers' compensation coverage through the WIIA.[1]

22.  As a certified self-insurer under the WIIA, DOE provides workers' compensation coverage directly to the majority of federal contractor employees at Hanford.  Specifically, pursuant to a Memorandum of Understanding between DOE and L&I ("MOU"), DOE serves as the "statutory employer" for the employees of certain Hanford contractors, including six of its current prime contractors and seven of their subcontractors.  Together these contractors employ the majority of the approximately 10,000 current employees of DOE contractors at Hanford.  The MOU also covers the employees of sixty-one contractors and

---

[1] Workers' compensation claims for federal employees are administered pursuant to the Federal Employees' Compensation Act ("FECA", 5 U.S.C. § 8103 *et seq.*).  FECA does not cover non-federal employees at Hanford.

Complaint- 6

subcontractors that previously performed work for the Federal Government at Hanford.

23. DOE thus has assumed responsibility for providing workers' compensation coverage for these contractor employees.  L&I provides oversight of the self-insurance process and retains final authority as to the allowance of their workers' compensation claims.  When L&I approves a claim of a contractor employee covered by the MOU, DOE pays the benefits.

24. Hanford contractors not covered by the MOU provide workers' compensation coverage to their employees either through the State Fund or as self-insurers.  Because workers' compensation costs are considered "allowable" under federal acquisition regulations – which are incorporated into DOE contracts – these contractors will likely be reimbursed by DOE for such costs.

### Workers' Compensation Claims Processing at Hanford

25. DOE contracts with a third-party administrator – currently Penser North America, Inc. – that manages workers' compensation claims on behalf of DOE, and pays benefits for contractors covered under the MOU.

26. Penser reviews a submitted claim, gathers relevant employment and medical information, and recommends that L&I either approve or deny the claim.  L&I then issues an order approving or denying the claim.  Penser administers approved claims and pays appropriate benefits consistent with the L&I order.  Either the worker or DOE may contest an L&I order through the administrative appeals process, including further review by L&I and the Washington Board of Industrial Insurance Appeals, subject to judicial review in state court.

27. Since 2009, DOE has paid nearly $116 million in workers' compensation benefits to employees of Hanford contractors covered by the MOU.

Complaint- 7

**HB 1723**

28. HB 1723 was signed into law by Defendant Inslee on March 7, 2018, and became effective, as a matter of State law, on June 7, 2018.  It has been codified at RCW 51.32.187.

29. HB 1723 amends the WIIA by creating a "prima facie presumption" for "[D]epartment of [E]nergy Hanford site workers" that certain defined illnesses are "occupational diseases" within the meaning of RCW 51.08.140. HB 1723 Sec. 1.(2)(a).

30. "United States [D]epartment of [E]nergy Hanford site workers" are defined as "any person, including a contractor or subcontractor, who was engaged in the performance of work, either directly or indirectly, for the United States, regarding projects and contracts at the Hanford nuclear site and who worked on the site at the two hundred east, two hundred west, three hundred area, environmental restoration disposal facility site, central plateau, or the river corridor locations for at least one eight-hour shift while covered under this title."  HB 1723 Sec. 1.(1)(b).  The vast majority of federal contractor employees at Hanford have worked, and continue to work, in these areas.[2]

31. HB 1723 facially applies to federally owned and operated portions of Hanford, specifically excluding leased land and state-owned land located within Hanford's boundaries.

32. Any covered Hanford worker—past, present, or future; living or deceased— who worked a single eight-hour shift in a covered area, and thereafter suffers from one of potentially hundreds of covered illnesses, can avail themselves of HB 1723's presumption of entitlement to workers' compensation.

---

[2] A detailed map of Hanford, and a second map illustrating the areas referenced in the law, are attached as Exhibits B and C.

Complaint- 8

33. HB 1723 eliminates the two-year statute of limitations on claims contained in RCW 51.28.05 because the presumption extends to all workers' compensation claims filed after June 7, 2018, "without regard to the date of last injurious exposure or claim filing," and also "extends to an applicable … site worker following termination of service for the lifetime of that individual." HB 1723 Sec. 1.(5)(c), (a). "A worker or the survivor of a worker who has died as a result of one of the [covered] conditions or diseases…, and whose claim was denied by order of [L&I], the board of industrial insurance appeals, or a court, can file a new claim for the same exposure and contended condition or disease." HB 1723 Sec. 1.(5)(b).

34. HB 1723's covered illnesses include common and broadly defined ailments, such as "respiratory disease" and "neurological disease," as well as "[a]ny heart problems, experienced within seventy-two hours of exposure to fumes, toxic substances, or chemicals at the site;" "[c]ancer, subject to" certain limitations defined elsewhere in the law; and "[b]eryllium sensitization, and acute and chronic beryllium disease." HB 1723 Sec. 1.(3), (4).

35. The presumption in HB 1723 may be rebutted only "by clear and convincing evidence," including "use of tobacco products, physical fitness and weight, lifestyle, hereditary factors, and exposure from other employment or nonemployment activities." HB 1723 Sec. 1.(2)(b).

36. If a final decision allowing a claim for benefits under the presumption is appealed and upheld, the board or court "shall order that all reasonable costs of appeal, including attorneys' fees and witness fees, be paid to the worker or his or her beneficiary by the opposing party." HB 1723 Sec. 1.(6)(a), (b).

**Discriminatory Scope of HB 1723**

37. HB 1723 discriminates on its face against the Federal Government and those with whom it deals, because the law only applies to the federally

owned and operated portions of Hanford, excluding on-site areas leased to non-federal entities, and to "United States [D]epartment of [E]nergy Hanford site workers."

38. HB 1723 also discriminates against the Federal Government because it subjects DOE's contractors at Hanford to significantly heightened workers' compensation liability not imposed on any other employers in the State. DOE will bear the majority of the costs from this heightened liability, including for ailments not demonstrated to have resulted from employment at Hanford.

39. HB 1723 discriminates against the Federal Government and its contractors because other employers in the State whose workers conduct the same jobs as Hanford employees are not subject to the presumption, and because other employers that operate at Hanford, even in the areas covered by the law, are not subject to the presumption.

### Direct Regulation of DOE

40. By imposing on DOE a clear-and-convincing standard of proof to overcome the presumption, HB 1723 directly regulates the Federal Government by effectively requiring DOE to cover certain ailments under the WIIA, including those commonly occurring in the general population, whether or not those ailments were caused by employment at Hanford.

41. That burden is compounded by HB 1723's seemingly indefinite coverage period. The presumption allows any past or present Hanford worker, or the survivor of a deceased worker, to refile a claim that was previously denied.

42. HB 1723 thereby imposes significant costs on DOE and its contractors to process and manage the additional claims submitted under HB 1723.

Complaint- 10

# CLAIMS FOR RELIEF

## Violation of Intergovernmental Immunity

## Discrimination

43.  The United States incorporates by reference the allegations in Paragraphs 1 to 42.

44.  HB 1723 discriminates against the Federal Government and those with whom it deals because it singles out DOE, its contractors, and the federally owned and operated portions of Hanford for a substantially more burdensome and costly workers' compensation scheme than is generally applicable to employers in the State.  Specifically, HB 1723 imposes enhanced liability for workers' compensation claims, and its attendant significant compliance costs, exclusively on DOE and its contractors notwithstanding that other employers operate in the same physical areas at Hanford, and that employees throughout the State conduct many of the same jobs as those conducted in the covered areas.

45. HB 1723's discrimination violates the Federal Government's intergovernmental immunity guaranteed by the Supremacy Clause.

## Violation of Intergovernmental Immunity

## Direct Regulation

46. The United States incorporates by reference the allegations in Paragraphs 1 to 45.

47.  HB 1723 directly regulates the Federal Government by imposing unique workers' compensation obligations on DOE not caused by employment at Hanford, and imposing their attendant significant compliance costs.

48.  HB 1723's direct regulation of the Federal Government violates the intergovernmental immunity guaranteed by the Supremacy Clause.

Complaint- 11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United States of America prays that the Court:

(a) Declare, pursuant to 28 U.S.C § 2201, that HB 1723 is invalid under the Supremacy Clause of the United States Constitution, both on its face and as applied to the Federal Government and those with whom it deals;

(b) Permanently enjoin enforcement of HB 1723 against the Federal Government and those with whom it deals, pursuant to 28 U.S.C § 2202, and Federal Rules of Civil Procedure 57 and 65;

(c) Award the Federal Government its costs of suit; and

(d) Order such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:   December 10, 2018

JOSEPH H. HUNT
Assistant Attorney General

JAMES J. GILLIGAN
Acting Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Christopher R. Healy*

CHRISTOPHER R. HEALY (DC Bar 219460)
Trial Attorney
United Stated Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 514-8095
Fax: (202) 616-8470
E-Mail:  Christopher.Healy@usdoj.gov

*Attorneys for the United States of America*

Complaint- 12

# Exhibit A
# HB 1723

CERTIFICATION OF ENROLLMENT

**SUBSTITUTE HOUSE BILL 1723**

Chapter 9, Laws of 2018

65th Legislature
2018 Regular Session

HANFORD SITE EMPLOYEES--OCCUPATIONAL DISEASE PRESUMPTION

EFFECTIVE DATE: June 7, 2018

Passed by the House February 19, 2018
 Yeas 74  Nays 21

_____
FRANK CHOPP
**Speaker of the House of Representatives**

Passed by the Senate January 25, 2018
 Yeas 35  Nays 14

_____
CYRUS HABIB
**President of the Senate**

Approved March 7, 2018 1:43 PM

_____
JAY INSLEE
**Governor of the State of Washington**

CERTIFICATE

I, Bernard Dean, Chief Clerk of the House of Representatives of the State of Washington, do hereby certify that the attached is **SUBSTITUTE HOUSE BILL 1723** as passed by House of Representatives and the Senate on the dates hereon set forth.

_____
BERNARD DEAN
**Chief Clerk**

FILED

March 7, 2018

**Secretary of State**
**State of Washington**

---

## SUBSTITUTE HOUSE BILL 1723

---

AS AMENDED BY THE SENATE

Passed Legislature - 2018 Regular Session

**State of Washington**        **65th Legislature**        **2017 Regular Session**

**By** House Labor & Workplace Standards (originally sponsored by Representatives Haler, Riccelli, Sells, Gregerson, Ormsby, Doglio, and Pollet)

READ FIRST TIME 02/17/17.

1  AN ACT Relating to the presumption of occupational disease for
2  certain employees at the United States department of energy Hanford
3  site; adding new sections to chapter 51.32 RCW; and providing an
4  expiration date.

5  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

6  NEW SECTION.  **Sec. 1.**  A new section is added to chapter 51.32
7  RCW to read as follows:
8      (1) The definitions in this section apply throughout this
9  section.
10     (a) "Hanford nuclear site" and "Hanford site" and "site" means
11  the approximately five hundred sixty square miles in southeastern
12  Washington state, excluding leased land, state-owned lands, and lands
13  owned by the Bonneville Power Administration, which is owned by the
14  United States and which is commonly known as the Hanford reservation.
15     (b) "United States department of energy Hanford site workers" and
16  "Hanford site worker" means any person, including a contractor or
17  subcontractor, who was engaged in the performance of work, either
18  directly or indirectly, for the United States, regarding projects and
19  contracts at the Hanford nuclear site and who worked on the site at
20  the two hundred east, two hundred west, three hundred area,
21  environmental restoration disposal facility site, central plateau, or

1   the river corridor locations for at least one eight-hour shift while
2   covered under this title.
3       (2)(a) For United States department of energy Hanford site
4   workers, as defined in this section, who are covered under this
5   title, there exists a prima facie presumption that the diseases and
6   conditions listed in subsection (3) of this section are occupational
7   diseases under RCW 51.08.140.
8       (b) This presumption of occupational disease may be rebutted by
9   clear and convincing evidence. Such evidence may include, but is not
10  limited to, use of tobacco products, physical fitness and weight,
11  lifestyle, hereditary factors, and exposure from other employment or
12  nonemployment activities.
13      (3) The prima facie presumption applies to the following:
14      (a) Respiratory disease;
15      (b) Any heart problems, experienced within seventy-two hours of
16  exposure to fumes, toxic substances, or chemicals at the site;
17      (c) Cancer, subject to subsection (4) of this section;
18      (d) Beryllium sensitization, and acute and chronic beryllium
19  disease; and
20      (e) Neurological disease.
21      (4)(a) The presumption established for cancer only applies to any
22  active or former United States department of energy Hanford site
23  worker who has cancer that develops or manifests itself and who was
24  given a qualifying medical examination upon becoming a United States
25  department of energy Hanford site worker that showed no evidence of
26  cancer.
27      (b) The presumption applies to the following cancers:
28      (i) Leukemia;
29      (ii) Primary or secondary lung cancer, including bronchi and
30  trachea, sarcoma of the lung, other than in situ lung cancer that is
31  discovered during or after a postmortem examination, but not
32  including mesothelioma or pleura cancer;
33      (iii) Primary or secondary bone cancer, including the bone form
34  of solitary plasmacytoma, myelodysplastic syndrome, myelofibrosis
35  with myeloid metaplasia, essential thrombocytosis or essential
36  thrombocythemia, primary polycythemia vera (also called polycythemia
37  rubra vera, P. vera, primary polycythemia, proliferative
38  polycythemia, spent-phase polycythemia, or primary erythremia);
39      (iv) Primary or secondary renal (kidney) cancer;
40      (v) Lymphomas, other than Hodgkin's disease;

1    (vi) Waldenstrom's macroglobulinemia and mycosis fungoides; and

2    (vii) Primary cancer of the: (A) Thyroid; (B) male or female
3    breast; (C) esophagus; (D) stomach; (E) pharynx, including all three
4    areas, oropharynx, nasopharynx, and hypopharynx and the larynx. The
5    oropharynx includes base of tongue, soft palate and tonsils (the
6    hypopharynx includes the pyriform sinus); (F) small intestine; (G)
7    pancreas; (H) bile ducts, including ampulla of vater; (I) gall
8    bladder; (J) salivary gland; (K) urinary bladder; (L) brain
9    (malignancies only and not including intracranial endocrine glands
10    and other parts of the central nervous system or borderline
11    astrocytomas); (M) colon, including rectum and appendix; (N) ovary,
12    including fallopian tubes if both organs are involved; and (O) liver,
13    except if cirrhosis or hepatitis B is indicated.

14    (5)(a) The presumption established in this section extends to an
15    applicable United States department of energy Hanford site worker
16    following termination of service for the lifetime of that individual.

17    (b) A worker or the survivor of a worker who has died as a result
18    of one of the conditions or diseases listed in subsection (3) of this
19    section, and whose claim was denied by order of the department, the
20    board of industrial insurance appeals, or a court, can file a new
21    claim for the same exposure and contended condition or disease.

22    (c) This section applies to decisions made after the effective
23    date of this section, without regard to the date of last injurious
24    exposure or claim filing.

25    (6)(a) When a determination involving the presumption established
26    in this section is appealed to the board of industrial insurance
27    appeals and the final decision allows the claim of benefits, the
28    board of industrial insurance appeals shall order that all reasonable
29    costs of the appeal, including attorneys' fees and witness fees, be
30    paid to the worker or his or her beneficiary by the opposing party.

31    (b) When a determination involving the presumption established in
32    this section is appealed to any court and the final decision allows
33    the claim for benefits, the court shall order that all reasonable
34    costs of appeal, including attorneys' fees and witness fees, be paid
35    to the worker or his or her beneficiary by the opposing party.

36    <u>NEW SECTION.</u>  **Sec. 2.**  A new section is added to chapter 51.32
37    RCW to read as follows:

38    (1) Five years after the effective date of this section, the
39    department must submit a report to the appropriate labor committees

1  of the legislature by December 1, 2023. The report must include the
2  number of industrial insurance claims which included the presumption
3  provided for in section 1(2)(a) of this act.

4      (2) This section expires December 1, 2024.


        Passed by the House February 19, 2018.
        Passed by the Senate January 25, 2018.
        Approved by the Governor March 7, 2018.
        Filed in Office of Secretary of State March 7, 2018.


                    --- **END** ---

# Exhibit B
# Map of the Hanford Site



# THE HANFORD SITE

Exhibit C
Map of Areas
Covered by HB 1723



JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
State of Washington; Jay Inslee in his official capacity as Gov. of the State of Washington; Washington State Dep't of Labor and Industries; Joel Sacks, Director of Washington State Dep't of Labor and Industries

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Department of Justice
1100 L St. NW, Washington D.C. 20005

Attorneys *(If Known)*
Office of the Attorney General
Mailstop TB-14
Seattle, WA 98104

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☒ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Const. art. VI, cl. 2.
Brief description of cause:
Constitutional challenge to RCW 51.32.187

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
12/10/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____