FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON et. al.,<br><br>　　Defendant. | NO. 4:18-CV-5189-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the United States' Motion for Summary Judgment, ECF No. 20, and the State of Washington's Response and Cross-Motion for Summary Judgment, ECF No. 23. This case involves a recently passed Washington law, Wash. Rev. Code § 51.32.187, which creates a rebuttable presumption that, for the purposes of Washington's workers compensation regime, employees of contractors or subcontractors of the United States working at the Hanford nuclear cleanup site who suffer from a list of illnesses contracted those ailments as a result of their work. The United States argues that this law violates the Supremacy Clause, U.S. Const. Art. VI, cl. 2. Washington argues that the United States has waived its federal sovereign immunity with regard to the enforcement of workers compensation statutes on federal land. All parties agree that the matter is appropriate for resolution through cross-motions for summary judgment.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

## FACTUAL BACKGROUND

Hanford is a former nuclear production site in Washington, and the current site of a cleanup operation of unprecedented scale and complexity. The United States Department of Energy (DOE) is overseeing the cleanup, with a primarily contractor workforce, on federally owned land. There are roughly a dozen contractors and subcontractors of the DOE assisting with the cleanup. In addition, there are some employers who are situated in the same geographical area but which are not subcontractors of the DOE, including the Laser Interferometer Gravitational Wave Observatory (LIGO) and the private company US Ecology.

By the text of Wash. Rev. Code § 51.32.187, employees at LIGO and US Ecology are not granted the same presumption as federal contractors and subcontractors working at the same sites. Wash. Rev. Code § 51.32.187 applies only to "United States department of energy Hanford site workers," and defines such workers to be "any person, including a contractor or subcontractor, who was engaged in the performance of work, either directly or indirectly, for the United States, regarding projects and contracts at the Hanford nuclear site, and who worked on the site at [specific locations.]" Wash. Rev. Code § 51.32.187. The law further clarifies that the term "Hanford site" means the "approximately five hundred sixty square miles in southeastern Washington, excluding leased land, state-owned lands, and lands owned by the Bonneville Power Administration." *Id.*

The DOE submits that the law will increase its costs at the cleanup site. The DOE bears workers compensation costs due to a memorandum of understanding (MOU) between the State of Washington and the Department of Energy, which provides that the DOE will cover the worker's compensation administration and benefit awards for its contractors and subcontractors at the Hanford site. This MOU, authorized by Wash. Rev. Code § 51.04.130, makes the DOE the certified self-insurer under Washington's worker compensation regime, such that the DOE

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

will pay for benefits and administration for the 13 contractors and subcontractors currently working at the Hanford site, as well as the 61 contractors who had previously performed work there.

The United States is challenging the newly passed law under the Supremacy Clause, arguing that it (a) facially discriminates against the Federal Government; and (b) directly regulates the Federal Government by imposing additional costs on the cleanup operation. Washington alleges that the United States authorized the several states to enact such bills with the passage of 40 U.S.C. § 3172, which provides a waiver of intergovernmental immunity as it relates to workers compensation regimes on federally owned land, and that any differential treatment between federal contractors and non-federal employers is justified by significant differences – namely, the heightened risk of exposure to harmful compounds by federal workers and poor chemical testing records kept by the federal contractors.

The Court agrees that 40 U.S.C. § 3172 constitutes waiver by congressional authorization, and thus, does not reach the question of whether the statute would violate intergovernmental immunity absent such authorization.

## CONGRESSIONAL AUTHORIZATION

Generally, the intergovernmental immunity recognized by the Supremacy Clause prohibits states from either discriminating against or directly regulating the federal government. *Boeing Co. v. Movassaghi*, 768 F.3d 832, 839 (9th Cir. 2014). Congress can provide clear and unambiguous authorization for state regulations that would otherwise be impermissible under the Supremacy Clause. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 (1988) (citations omitted). Washington argues that 40 U.S.C. § 3172 presents just such an authorization. That statute provides that:

> The state authority charged with enforcing and requiring compliance with the state workers' compensation laws and will the orders,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

> decisions, and awards of the authority may apply the laws to all land and premises in the State which the Federal Government owns or holds by deed or act of cession, and to all projects, buildings, constructions, improvements, and property in the State and belonging to the Government, *in the same way and to the same extent as if the premises were under the exclusive jurisdiction of the State* in which the land, premises, projects, buildings, constructions, improvements, or property are located.

40 U.S.C. § 3172 (emphasis added).

The United States interprets this statute to allow only non-discriminatory laws, which, through neutral application, regulate employers on federal land. Washington interprets this law as allowing the state to regulate federal lands within its geographical boundaries with all the tools that could be brought to bear on non-federally owned land. The plain language of the statute supports Washington's interpretation – Washington's workers compensation regime applies to federal land "in the same way and to the same extent as if the premises were under the exclusive jurisdiction of the State."

The Court notes that other authorizations of intergovernmental immunity for laws on other topics which retain the non-discriminatory aspect intergovernmental immunity, do so expressly. *See e.g.* 4 U.S.C.A. § 111 (waiving intergovernmental immunity for income tax of federal employees "if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation;") 42 U.S.C. § 9620(a)(4)) (waiving intergovernmental immunity for environmental cleanup laws applies on federally owned facilities, so long as the State law does not "apply any standard or requirement to such facilities which is more stringent than the standards and requirements" applied to a non-federally owned counterpart.)

The worker's compensation waiver in 40 U.S.C. § 3172 does more. The United States Supreme Court interpreted § 3172 in *Goodyear Atomic Corp. v.*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

*Miller*, 486 U.S. 174, 183-84 (1988). The Court found that the statute grants the states the "power and authority to apply [workers' compensation] laws to federal premises in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the State," and that the plain language of the statute "places no express limitation on the type of workers' compensation scheme that is authorized." *Id.*

Thus, the statute allows Washington to use the same power it possesses to craft workers compensation laws for non-federal employers to address injured employees on federal land. Those powers include the ability to legislate, in a piecemeal fashion, to address specific risks to employees in specific industries. *See* Wash. Rev. Code §§ 51.32.185, 51.16.035(1) (creating a similar workers compensation causation presumption for firefighters.) This is precisely what Wash. Rev. Code § 51.32.187 does.

## CONCLUSION

Because Congress has authorized the several states to regulate workers compensation on federal land to the same extent that they can regulate non-federal land, and because Washington could create a similar presumption as that created in Wash. Rev. Code §§ 51.32.187 if it were addressing a particular risk to Washington employees on non-federal land, summary judgment is granted for the Defendants.

//
//
//
//
//
//
//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

2. Defendants' Cross-Motion for Summary Judgment, ECF No. 23, is **GRANTED.**

3. Judgment shall be entered against Plaintiff and in favor of Defendants.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the case.

**DATED** this 13th day of June 2019.



Stanley A. Bastian
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6