FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>STATE OF WASHINGTON et. al.,<br><br>      Defendant. | NO. 4:18-CV-5189-SAB<br><br>**AMENDED FINAL ORDER AND JUDGMENT** |

Before the Court is the parties' Joint Status Report and Request for Entry of Final Order, ECF No. 86. This civil case is before the Court upon remand from the Supreme Court in *United States v. Washington*, 146 S. Ct. 1976 (2022), which held that the law challenged in this case, H.B. 1723, is unconstitutional. In accordance with the Supreme Court's ruling, the Court enters the following relief, in full resolution of Plaintiff's claims.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Pursuant to 28 U.S.C. § 2201, the Court hereby **DECLARES** that H.B. 1723 is invalid under the Supremacy Clause of the United States Constitution, both on its face, and as applied to (a) the United States, including but not limited to the U.S. Department of Energy ("DOE"), and (b) those with whom the United States deals, including but not limited to DOE contractors and subcontractors.

//

**AMENDED FINAL ORDER AND JUDGMENT** # 1

2.    Pursuant to 28 U.S.C. § 2202:

a.    Defendants – the State of Washington, Jay Inslee, in his official capacity as Governor of the State of Washington, the Washington State Department of Labor & Industries ("L&I"), and Joel Sacks, in his official capacity as Director of L&I – are permanently enjoined from enforcing HB 1723 against (a) the Federal Government, including but not limited to the DOE, and (b) those with whom the Federal Government deals, including but not limited to DOE contractors and subcontractors.

b.    In all cases in which there is a final and binding allowance order under H.B. 1723, Defendants may continue to enforce benefits previously awarded. Plaintiff furthermore will not challenge the enforcement of such an order on the basis that the order is invalid under the Supremacy Clause, but reserves the right to raise any other applicable defenses. Defendants are permanently enjoined from accepting new applications for benefits under H.B. 1723. For all claims previously allowed under H.B. 1723 that are pending final resolution on appeal before the Washington Board of Industrial Insurance Appeals ("BIIA"), or before Washington courts, Defendants are permanently enjoined from taking action to enforce, collect, or seek additional amounts under such claims until it is established in an appealable finding or order in the claim record that the claimant is entitled to claim allowance and benefits under S.S.B. 5890 or other applicable law, excluding application of H.B. 1723. Defendants shall effectuate any repayments due to Plaintiff or other affected persons or entities, as appropriate.

c.    Plaintiff is awarded its costs of suit, which shall be paid by Defendants.

**AMENDED FINAL ORDER AND JUDGMENT** # 2

3.      This Final Order is **without prejudice** to any future claims regarding S.S.B. 5890, enacted on March 11, 2022, which took effect during the pendency of the Supreme Court's consideration of this suit. Plaintiff shall retain all rights with respect to any future challenge to RCW 51.32.187, or any other successor statute.

4.      This Order replaces the Final Order at ECF No. 87.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 22nd day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**AMENDED FINAL ORDER AND JUDGMENT** # 3